## CAMDEN FIRE INS. ASS'N v. CLAYTON.
### (No. 9984.)

Court of Civil Appeals of Texas. Dallas.
July 16, 1927.

Rehearing Denied Oct. 1, 1927.

**1. Insurance ⬅311(3) — Additional insurance provision of automobile fire policy held void as to mortgagee (Rev. St. 1925, art. 4931).**

Provision of automobile fire policy, payable to insured and mortgagee, that no recovery should be had thereunder, if there were any other insurance at time of loss, *held* null and void as to mortgagee under Rev. St. 1925, art. 4931.

**2. Insurance ⬅501—Fire insurer, allowing no credit on premium under 75 per cent. valuation clause, held not entitled to rely thereon.**

Automobile fire insurer, allowing no credit on premium under locking device clause or "75 per cent. valuation clause," which made its application dependent on reduction of premium under either fire peril or theft peril provision, could not rely on latter clause.

**3. Insurance ⬅311(3)—Insurer held charged with knowledge of law protecting mortgagee's interest against procuring of additional insurance by mortgagor (Rev. St. 1925, art. 4931).**

Insurer knowing, at time of issuing automobile fire policy, that third person had interest in automobile as mortgagee, was charged with knowledge of Rev. St. 1925, art. 4931, protecting such interest against insured's act in procuring additional insurance in violation of policy.

Appeal from Hunt County Court; N. E. Peah, Judge.

Action by Harold E. Clayton against the Camden Fire Insurance Association and another. Judgment for plaintiff, and named defendant appeals. Affirmed.

Senter & Strong, of Dallas, for appellant.
Clark & Clark, of Greenville, for appellee.

VAUGHAN, J. Appellee brought this suit against one M. H. Hines and appellant, as defendants, alleging that said Hines was indebted to the Grimes Motor Company in the sum of $405.30, to secure which Hines executed a chattel mortgage to said company on a certain Ford automobile; that said note and mortgage were duly sold and assigned to appellee; that to further secure the payment of said note appellee caused a policy of fire insurance to be issued by appellant to said Hines in the sum of $325, covering said automobile; that said policy provided that any loss thereunder should be payable to the assured, Hines, and appellee; that on the 28th of July, 1925, said automobile was destroyed by fire, and that at said time it was of the value of $325; that Hines was then and still is indebted to appellee in the sum of $283.90 balance due on said note. Recovery in the sum of $300 was sought by appellee against appellant. Defendant Hines was cited but made default. Appellant answered by general demurrer and special answer: That the policy contained the following provision in reference to additional insurance: "No recovery shall be had under this policy if at the time a loss occurs there be any other insurance covering such loss which would attach if this insurance had not been in effect." That the assured, Hines, had violated said provision of the contract, in that at the time of the fire there was outstanding and in force a policy upon said automobile procured by said Hines from the Fidelity Union Casualty Insurance Company, Dallas, Tex., in the sum of $304. That, by reason of the procuring of said policy by Hines in violation of the contract, appellant's policy was avoided. Trial of said cause was had upon the following agreed facts:

Appellant issued the policy insuring the automobile described in appellee's petition on the 29th day of April, 1925, in the amount of $325. At that time there was an indebtedness outstanding against the automobile in the sum of $340.72, represented by twelve notes of $26.39 each, secured by a valid chattel mortgage on said automobile. Said notes were in favor of and payable to appellee, and there is now due upon said indebtedness the principal sum of $283.90, secured by said mortgage. Said Hines, on May 26, 1925, procured another policy of insurance covering the same automobile and in the same way as it was covered by the policy issued by appellant, except that it was not payable to appellee, and being in the sum of $304, and issued to said Hines by the Fidelity Union Casualty Company of Dallas, Tex., without the knowledge or consent of appellee. Said automobile was damaged by fire as alleged by appellee in the amount of $300 on or about the 22d day of July, 1925, and appellant denied any liability. When the policy was issued to said Hines by appellant, no claim was allowed under "the 75 per cent. valuation clause," or locking device clause, and the entire premium for full and complete loss by

fire and theft was paid by Hines to appellant.

Trial before the court without a jury, on October 15, 1926, resulted in the judgment in favor of appellee against defendant Hines and appellant in the sum of $283.90, with interest thereon from the 27th day of July, 1925, at the rate of 6 per cent. per annum.

[1] Appellant's first proposition assails the judgment rendered on the ground that its policy was avoided because after its issuance the assured, Hines, procured another policy for $304 covering the automobile insured by it and in the same terms of the policy sued on, in contravention of the additional insurance clause above quoted. The policy of the Fidelity Union Casualty Company was issued on May 26, 1925, without the knowledge or consent of appellee, who, as mortgagee, was interested in the contract of insurance issued by appellant. The interest of appellee, under the contract of insurance issued by appellant, was protected against the act of said Hines in procuring the additional insurance by the provisions of article 4931, Revised Civil Statutes 1925, viz.: "the interest of a mortgagee or trustee under any fire insurance contract hereafter issued covering any property situated in this state shall not be invalidated by any act of neglect of the mortgagee (mortgagor) or owner of said described property or the happening of any condition beyond his control, and any stipulation in any contract in conflict herewith shall be null and void," the same as if said policy had contained a clause providing that the interest of mortgagee under the mortgage "shall not be invalidated by any act of neglect of the mortgagor or owner of said property or the happening of any condition beyond his control." American Central Ins. Co. v. Cowan et al. (Tex. Civ. App.) 34 S. W. 460. For a further discussion of the general principle involved in article 4931, see Hanover Fire Ins. Co. v. Nat. Exch. Bank et al. (Tex. Civ. App.) 34 S. W. 333. This statute was enacted for the purpose of protecting the interest of the mortgagee or trustee under any fire insurance contract, by preventing the contract of insurance in which such mortgagee or trustee is named as a party to whom loss is payable from becoming invalid by any act of neglect of the mortgagor or owner of the property insured, or the happening of any condition beyond his control.

The provision of the policy in reference to additional insurance relied upon by appellant, being in conflict with the plain terms of article 4931, supra, was null and void under the following provision thereof: "* * * Any stipulation in any contract in conflict herewith shall be null and void"—and the terms of the policy as to the rights of appellee under said policy were as if said provision relating to additional insurance had not been incorporated therein.

Appellant's second proposition questions the application by the trial court of said article as authority for the judgment rendered on the ground that, notwithstanding said article, appellee was not entitled to recover because of the breach by assured of said condition of the policy. What we have said in discussing the first proposition applies with equal force to the second, and both propositions are overruled.

[2] By its third proposition, appellant contends: That, as the policy provided that the insurer should not be liable for an amount in excess of 75 per cent. of the actual cash value of the property at the time of the loss, and there being no evidence in the record to show such value, the judgment should be reversed as for fundamental error. This cannot be sustained. This proposition is completely answered by the fact that, when the policy was issued to defendant Hines by appellant, no credit was allowed under the "75 per cent. valuation clause" nor locking device clause, and that the entire premium for full and complete loss by fire and theft was paid to appellant by said Hines. Furthermore, the 75 per cent. value clause upon which this proposition is based within its own terms makes its application depend upon the premium being reduced either under the fire peril or under the theft peril provision of said policy, as is clearly shown by the following provisions of said 75 per cent. value clause: "In consideration of the reduced premium if granted under the fire peril and/or the theft peril on page one of this policy, it is understood and agreed that in the event of loss or damage caused by fire * * * this company shall not be liable for an amount greater than 75 per cent. of the actual cash value of the property covered hereby at the time of such loss or damage. * * *" That said automobile was damaged by fire as alleged in the amount of $300. Certainly "full and complete loss" can mean but one thing—the entire loss, and not 75 per cent. of the loss, sustained under the policy, especially as the premium paid entitled appellee to full protection.

[3] The effect of said article was to make the contract of insurance between the owner Hines and appellant a separate and distinct contract and obligation from the contract between appellant and appellee, as mortgagee, and therefore no act of neglect by, or the happening of any condition beyond the control of, appellee could have affected his interest under the policy. Appellant knew at the time the policy of insurance was issued by it that appellee had an interest in the automobile, as mortgagee, and it was charged with knowledge of the law protecting that interest under said policy. Home Ins. Co. v. Boatner et al. (Tex. Civ. App.) 218 S. W. 1097.

Because the record before us does not dis-

close any error, we are of the opinion that the judgment of the lower court should be affirmed, and it is so ordered.

Affirmed.