STATE OF TEXAS v. OLNEY A. SLATER.

No. 5464.   Decided May 16, 1931.
(38 S. W., 2d Series, 1097.)

*W. C. Jackson,* for appellant.

The Constitution limits the amount of taxes that can be levied for any specific purpose and without reciting the amount of the various subjects for which taxes can be levied, we make this suggestion. That if the appellant's contention is right, taxes could be levied to the full amount of the constitutional limit and there would be no margin left to pay any costs. If, for illustration, property was worth $100 there could be under appellant's contention no costs taxed for any material amount for collection of such taxes. We will not take up the time of the court in arguing this matter.

It is not contended by appellant that the tax collector and county clerk did not comply with the law and do all that was required of them to do, to entitle them to the fees allowed for their work in connection with making out delinquent tax rolls, certifying to them, etc. The contention is that there was only nine assessments for which the tax collector was entitled to charge a fee of $1 each, only $1 could be charged for the county clerk for each. This applies to cause No. 2242. We will add additional facts at end of argument under proposition No. 8 to cover facts in No. 2242, authorities and argument applies to both cases. Articles 7331, 7332, 7333 and 7334, Revised Statutes of 1925; Houston Oil Co. v. State, 141 S. W., 805.

The acreage in each of the four original surveys shown in the rendition of the Quinby Oil Company in the statement of facts herein and the seventeen ten-acre tracts in section 7, block 1, Fort Stockton Irrigated Land Company Lands and in each block of the several additions shown in said rendition which is owned by the defendant Olney A. Slater, which is owned wholly by the said Slater or where one or more lots in any block is owned by him, are each separate assessments, there being 166 of said blocks. There is, therefore 187 separate assessments shown for which the

defendant, Slater, is liable to the tax collector in the sum of $1 and to the county clerk $1.

Each block of land owned by the defendant Olney A. Slater and each block in which he owned one or more lots in additions to the town of Fort Stockton, Texas, described in this suit constitute one assessment and the tax collector and the county clerk are each entitled to a fee of $1 for their services rendered as provided for in article 7332, Revised Statutes, 1925, for each such block. Articles 7331, 7332, 7333 and 7334, Revised Statutes, 1925; article 7691, Revised Statutes, 1911; Houston Oil Company v. State, 141 S. W., 805; Typer & Knudson v. Tom, 132 S. W., 850.

*Karl A. Crowley,* for appellee.

A county attorney in a suit for delinquent taxes is entitled to receive a fee of $5 for the first tract in any one suit and $1 for each additional tract involved in the same suit, and where one suit is filed for the collection of delinquent taxes on parcels of land which are unimproved and wholly contained in three town lot additions, the county attorney is entitled to collect fees on three and only three tracts of land.

In a suit for the collection of delinquent taxes the tax collector is entitled to a fee of $1 for each correct assessment of land to be sold for such delinquent taxes, and in a suit for the collection of taxes on lands contained wholly within three additions, or subdivisions, said collector is entitled to receive a fee as on only three separate assessments.

The county clerk is entitled to a fee of only $1.50 for making out and recording data (date) of each delinquent assessment and for certifying same in the minutes of the Commissioners Court, and for all other services rendered in such suits, and only $1, to be taxed as costs.

A statute permitting the levying and collecting, either for county and state taxes or costs, or both, of a sum of $301.25 for one year on property which has a value of $5,910, is excessive and void because unconstitutional. Article 7332, R. S., 1925, of Texas; article 7691, R. S., 1911, of Texas; article 7334, R. S., 1925, of Texas; Raht v. State, 48 C. A., 108, 106 S. W., 100; Typer & Knuderson v. State, 62 C. A., 288, 132 S. W., 850; Bonougli v. Brown, 111 Texas, 275, 232 S. W., 490; Teat v. Perry, 216 S. W., 650; Houston Oil Company of Texas v. State, 141 S. W., 807; Black's Law Dictionary, 38 Cyc., p. 669; 2 C. J., 1134-1142; Hughes v. Adams, 119 S. W., 136; Hughes v. Adams, 140 S. W., 1163; Kellett v. Kellett, 59 S. W., 809; Wagner v. Wagner, L. R. A., N. S., 644; Bonougli v. Brown, 232 S. W., 490.

MR. COMMISSIONER RYAN delivered the opinion of the court.

In this case is involved the construction to be placed on articles 7331 to 7334, Revised Statutes, 1925, and the question of the amount of fees

collectible by the tax collector, the county clerk and the county attorney, in suits brought by the state for the collection of delinquent taxes.

This suit was instituted in the name of the State of Texas, on July 30, 1928, against E. M. Metcalf, Quinby Oil Company and Olney A. Slater, for the collection of taxes delinquent in payment for the year 1927, and for penalties, interest and costs and foreclosure of tax lien on certain lands described in the petition.

Only Slater appeared and filed answer; the other named defendants defaulted.

The exhibit attached to the petition shows the following:

"*Recapitulation of Taxes Due.*

| | |
|---|---|
| State Taxes | 34.50 |
| County Taxes | 4.83 |
| District School Taxes | 29.30 |
| | 41.30 |
| Costs | 136.50 |
| | |
| Total of all taxes due | 246.43 |
| County Attorney | 831.00 |
| Dist. Clerk | 1.50 |
| | |
| | 1078.93" |

Slater answered that he did not own all the lands described in the state's petition, but did own certain of said lands and had sought to pay all lawful charges and costs against the same, but the tax collector refused his tender to that effect.

It was claimed by Slater, as shown by the agreed statement of facts, that his land consisted of town lots and parcels of land which are unimproved and lie within certain additions to the town of Fort Stockton, all of which additions were subdivided into lots and blocks, surveyed and marked on the ground and plat of same filed and recorded in Pecos county. These additions consist of lands lying within certain original surveys, which had been subdivided into such additions.

The lands or lots owned by Slater and against which taxes were alleged to be delinquent are in three additions to the said town, viz: Rule Addition; Old Fort Addition, Orient Addition; and Second Orient Addition.

The agreed statement contains a copy of the assessor's inventory made by E. M. Metcalf, who then owned all the property in question, including the portion thereof now owned by Slater, an extract from which is as follows:

| *City* | *Lots* | *Block* | *Addition* | *Value* |
|---|---|---|---|---|
| Fort Stockton | 1 to 11 | 23 | Orient | 110 |
| " " | 1 to 11 | 24 | " | 110 |

and which in the same form describes the various lots, blocks, and additions, now claimed by Slater.

It was agreed that the total amount of state, county, road and special taxes, penalties and interest on the lands belonging to Slater and covered by this suit is $104.25, which sum was tendered to the tax collector, together with the sum of $20 additional, as costs after suit was filed, which tender was refused.

The trial court rendered judgment against Slater and his associates for the sum of $301.25, as taxes, penalty, interest and costs, accured on the property claimed by him, delinquent for the year 1927, and foreclosed tax lien thereon. It is not shown how this amount was arrived at, nor what portions thereof were claimed by the tax collector and county clerk, nor what the costs were for.

The trial court also rendered judgment against E. M. Metcalf and associates for the claimed taxes on other property included in the suit but now owned by Slater, and foreclosed the tax lien thereon. Only Slater prosecuted an appeal therefrom.

The Court of Civil Appeals modified the judgment to the extent of awarding judgment against Slater and associates in the sum of $104.25 for the amount of taxes, penalty, interest and costs, and for county attorney's costs $7, county clerk's costs $1, tax collector's costs $3, and district clerk's costs $1.50, aggregating the sum of $116.75, and foreclosed the tax lien for that amount. 14 S. W. (2d) 877.

The county attorney was allowed fees on the basis of three tracts—each addition as one tract—viz: $5 for the first and $1 each for the remaining two; the tax collector was allowed fees on the same basis of three tracts—each as constituting one "correct assessment"—viz: $3.

The only controversy between the parties is the amount of costs that the tax collector, county clerk and county attorney are entitled to under articles 7331 to 7334, Revised Statutes, 1925, depending upon the meaning of the term "tract" as applied to delinquent tax suits, in ascertaining the number of "tracts" involved in the suit.

The statute defines the term, as follows:

"Art. 7334. The term 'tract' shall mean all lands or lots in any survey, addition or subdivision or part thereof owned by the party being sued for delinquent taxes."

The Court of Civil Appeals states "the exact point presented has never come before an appellate court since the term 'tract' has been defined, so far as we have found, and so far as the attorneys representing the respective parties to the suit have found."

### OPINION.

We think the unit of calculation by which the number of tracts is to be fixed is the last or smallest subdivision into which the land has been divided.

When a survey is divided into town or city additions, all lands or lots in each such addition owned by the party being sued constitute one tract, provided there be no subdivision of the addition.

If the addition has been divided into smaller subdivisions, such as blocks, then each such subdivision or block constitutes a tract, within the meaning of the statute, although it is divided into lots; in that case, the lots owned therein, whether all or only a part thereof, collectively constitute a tract, the unit being the block, unless such lots have in turn been subdivided, in which event the subdivided lot becomes the unit of measurement as a tract.

Applying the above rule, the county attorney is entitled to $5 for the first tract and $1 for each additional tract involved in the same suit; the county clerk is entitled to $1 for all services rendered in the suit (article 7332), and the tax collector to $1 for each "correct assessment" (article 7331), each tract considered as one assessment.

It follows from the foregoing that both the trial court and the Court of Civil Appeals erred in their judgments, which are here reversed and the cause is remanded for another trial.

The foregoing opinion is adopted as the opinion of the Supreme Court, and judgment will be entered in accordance therewith.

C. M. CURETON, Chief Justice.