**GLENS FALLS INS. CO. et al. v. BENDY et al.**

No. 1633—6049.

Commission of Appeals of Texas, Section A.

March 15, 1933.

Gill, Jones & Tyler, of Houston, for plaintiffs in error.

A. D. Lipscomb, A. Ludlow Calhoun,. D. C. Marcus, B. F. Pye, Howth, Adams & Hart, and Elton Cruse, all of Beaumont, for defendants in error.

CRITZ, Judge.

. The opinion, in this case, of the Court of Civil Appeals is reported at 39 S.W.(2d) 628. We refer to that opinion for a full statement.

It seems from the record before us that C. C. Bendy & Sons carried fire insurance to the extent of $3,000 on one hollow tile building, and $7,500 on certain machinery, equipment, and personal property located in such building. The insurance was carried by Glens Falls Insurance Company, New Jersey Insurance Company, and Norwich Union Fire Insurance Company. The property was destroyed by fire, and, on the refusal of the three insurance companies to pay the loss, separate suits were filed against each of them. The three suits were very properly consolidated and tried as one suit, and this appeal is from the consolidated suit. We make no statement of the pleadings, but it is sufficient to say that they are comprehensive enough to raise the issues here discussed.

The three insurance companies denied liability. on the policies on the ground that a certain provision thereof had been violated. The pertinent portion of such provision reads as follows: "This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void if * * * before a fire occurs the insured shall obtain or receive information that fore-

closure proceedings have been commenced or that notice has been given or posted of sale of any property covered by this policy by virtue of any mortgage or trust deed."

The insurance companies pleaded facts which showed as a matter of law that the foregoing provision of the three policies here sued on had been breached prior to the fire in such a manner as to void them. Also the undisputed facts sustain such defense, unless it has been waived by the insurance companies by circumstances which we shall later discuss and decide.

The record shows that the policies here sued on were issued to Bendy & Sons on August 17, 1928. Each contained the provision above quoted. On August 24, 1928, Steadman Fruit Company, who is an intervener in this suit, instituted a suit in the district court of Jefferson county, Tex., against Bendy & Sons, the insured, for $2,500, and for foreclosure of a chattel mortgage on certain of the personal property covered by the policies in suit. Citation was duly issued and served. On October 12, 1928, after the suit by the fruit company had been filed and citation issued and served, the property burned.

On October 13, 1928, R. E. Smith & Sons, local agents for the three insurance companies, being also the agents who had issued the policies, were notified of the loss, and about the same time received notice of the suit that had been filed by the fruit company against Bendy & Sons.

The record then shows that the total amount of the premiums of the three policies in suit was $198.50. Of this amount $184.79 remained unpaid at the time of the fire. The dates we have given demonstrate that a large part of these unpaid premiums were unearned. After the fire and with full information of the foregoing facts, R. E. Smith & Co. demanded of Bendy & Sons the payment of the balance due as premiums on the above policies. This demand covered both earned and unearned premiums. Bendy & Sons promptly complied with this request and paid such money to the agents. This payment was made on October 16, 1928, just four days after the fire.

We conclude as a matter of fact, as well as of law, in favor of the judgment of the trial court, which was against the insurance companies, that the companies themselves received the above premiums so paid to their agents after the fire and retained the money for more than four months after they were fully apprised of the facts above stated. This conclusion is based upon the following undisputed facts: The fire occurred on October 12, 1928; the local agents were notified on October 13, 1928. They immediately demanded payment of the balance due on the premiums; the insured complied with such demand on October 16, 1928; the insurance companies refused payment of the policies very shortly after the happening of the above events; and when they filed their answers in the district court on February 28, 1929, the three insurance companies tendered back the premiums paid with interest.

The record shows that the insurance companies themselves had full notice of the breach of the policies urged as a defense herein very shortly after the fire. With full notice of these facts they themselves received the premiums collected by their agents and retained them until the time above stated. We conclude as a matter of law that the insurance companies received the premiums from their agents, because in their answers they simply tender into court the premiums so paid, with legal interest from the date of payment. This certainly amounted to an acknowledgment that they had received such premiums. Also the insurance companies made no effort whatever to show that they had not received and retained the premiums paid to their agents after the fire. Such a record certainly justifies the conclusion that the insurance companies received the premiums paid to their agents and retained the same for more than four months after they had full knowledge of the breach of the clause in the policies relied on as a defense to this suit.

The above-quoted clause in the three policies of insurance here sued on voiding such policies in the event of the happening of the thing therein mentioned was and is a valid fire insurance contract provision. However, it is certainly a provision that can be waived by the insurer.

It is our opinion that the collection of the past-due and unearned premiums after the fire, and their retention by the insurance companies themselves for more than four months after they knew of such fire and after they knew of the foreclosure proceedings above mentioned, constituted in fact as well as in law a waiver of the breach pleaded by them as a defense herein. 14 R. C. L. p. 1192, paragraph 368.

The conclusion we have reached on the matter above discussed makes it unnecessary for us to decide the question as to whether the local agents themselves can bind the insurance companies to a waiver after the fire where the act of the local agent is not ratified by the principal.

We recommend the judgment of the Court of Civil Appeals, which affirms the judgment of the district court, be affirmed.

CURETON, Chief Justice.

Judgments of the district court and Court of Civil Appeals are both affirmed, as recommended by the Commission of Appeals.