## ÆTNA INS. CO. et al. v. C. I. T. CORPORATION et al.*
### No. 7520.

### Circuit Court of Appeals, Fifth Circuit.
### Dec. 22, 1934.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Three insurance companies are appellants. Each issued a policy for its proportionate part of $9,900 concurrent insurance permitted Coleman on gin buildings and machinery. Each stood in the same case as to defenses below. Each makes common cause on this appeal. The insurance written was:

$1600 on two-story, frame, iron-clad gin building, including boiler room, engine room, sheds and platforms, if attached thereto.
$4500 on all machinery described in said policy.
$1500 on gasoline engine as described in said policy.
$ 400 on motors, dynamos, Delco, and other electric equipment used for power.
$ 400 on one-story, metal roof, frame cotton house.
$ 300 on one-story, shingle roof, frame lighthouse.
$ 750 on frame dwelling and office building.
$ 150 on windmill tank and tower.
$ 300 on one-story, metal roof, frame garage and storage house.

$9900 — Total

The judgment was for $8,000 with interest. $5,212.35 was awarded to the Lubbock Cotton Oil Company as mortgage creditor of Coleman; the balance went to Coleman. The C. I. T. Corporation, in whose suit, filed before the fire, to foreclose a chattel mortgage for $1,168.67 on certain machinery in the building, it was that all these issues were injected after the fire, is not appealing, nor is any one appealing as to it. The pendency of this suit on February 19, 1933, when the fire occurred with the knowledge of Coleman and the Lubbock Company, was strongly relied on in defense below.[1] Another defense was that there had been a breach of the watchman warranty, that if fire occurs on the gin property a watchman shall be continuously maintained for twenty-four hours.

At the conclusion of the evidence, the Lubbock Company, claiming that article 4931, Rev. Civ. Stats. of Texas,[2] in effect wrote in-

Will C. Thompson, of Dallas, Tex., for appellants.

F. D. Brown, J. I. Kilpatrick, Chas. Nordyke, and Roscoe Wilson, all of Lubbock, Tex., for appellees.

[1] The policy contained the clause: "This entire policy unless otherwise provided by agreement endorsed hereon, or added hereto, shall be void if before a fire occurs the insured shall obtain or receive information that mortgage proceedings have been commenced by virtue of any mortgage or trust deed."

[2] "The interest of a mortgagee [mortgagor] or trustee under any fire insurance contract hereafter issued covering any property situated in this State shall

to the policy a standard mortgage clause in its favor, moved for an instructed verdict.

Appellants, claiming that the pendency of the suit avoided the policy as to both mortgagor and mortgagee, moved, in their turn, for an instructed verdict against the Lubbock Company. They moved, too, for such a verdict as to Coleman and the claim of the C. I. T. on the policies. The Lubbock Company's motion was granted, and a verdict for the amount sued for was instructed for it. Appellants' motion for an instructed verdict against C. I. T. was granted. Their motion against Coleman was refused. As to Coleman, the District Judge thought the filing of C. I. T.'s suit no defense, because the appellants had waived it by receiving after the fire, and with knowledge of the prior pendency of the suit, past-due premiums, and failing to return them. He submitted to the jury two questions: (1) Whether, within the meaning of article 4929, Rev. Civ. Stats. of Texas,[3] there was a total loss as claimed by Coleman; (2) whether there was a breach of the watchman warranty. The jury found for Coleman.

■ Appellants, urging for the first time here that the Lubbock Company was not a mortgagee under the Texas statutes, but the holder of an express vendor's lien, urges that the District Judge erred in instructing for it. The Lubbock Company insists that it was a mortgagee within the meaning of article 4931. It urges further that if it was not, appellants, by joining it in a motion to instruct a verdict, withdrew from the jury and submitted to the court all issues of fact, and that there was ample evidence to support the court's finding and judgment in its favor. The judgment for the Lubbock Company was right. It was a mortgagee under the Texas statutes and as such entitled to judgment without regard to the acts of Coleman, its mortgagor, just as it would have been if the policy had carried a standard mortgage clause. Camden Fire Ins. Co. v. Clayton & Co. (Tex. Civ. App.) 298 S. W. 451; Id., 117 Tex. 414, 6 S.W.(2d) 1029. A vendor's lien in Texas is a mortgage. When necessary for the protection of a vendor, it does indeed take on the attributes of the superior title. Normally, however, and for the purposes of this suit, it is in fact and in law a mortgage, and the Lubbock Company was a mortgagee within the remedial statute it invokes.

■ But the judgment as to it was right for another reason. If the Lubbock Company was not a mortgagee, but a mere assignee under the loss payable clause in the policy, the defenses appellants asserted against Coleman must be regarded as having been resolved by the District Judge in the Lubbock Company's favor.

■ We think the judgment was right as to Coleman, too. It may not be doubted that the District Judge was right in the view he took that the receipt of and failure to return the premiums after the fire, with full knowledge of the pendency of the suit, constituted a waiver of this defense. Glens Falls Ins. Co. v. Bendy (Tex. Com. App.) 58 S.W.(2d) 1. In the Bendy Case that result was attributed to the action of the company in taking premiums after the fire, where the entire subject-matter of the insurance was burned, and the policies were not continued in force. A stronger reason exists here, for the waiver, since some of the items insured were not burned, and the policy was by the payment of the premiums, continued in force as to them. Our case of Ætna Ins. Co. v. Houston Oil & Transport Co., 49 F.(2d) 121, 125, is in accord, not in conflict. That was a case of premiums received in the usual course of business, and before the loss occurred. It was there stated: "Of course, if the insurer receives the premium with notice of the breach, and the insured is thereby induced to believe that the policy remains in force, a waiver may be predicated upon the retention of the premium." This is but an application of the general rule that grounds for forfeiture may be and are easily waived after a loss has occurred by conduct inconsistent with the claim of forfeiture. Bennett v. Cosmopolitan Fire Ins. Co. (C. C. A.) 50 F.(2d) 1017.

■ Appellants' other assignments to the charge of the court and to rulings on evidence are equally without merit. The charge on the issue of total loss submitted that issue fully enough and in accordance with the authorities, as did the charge on the issue of the watchman warranty. But aside from this, the

---

[3] "A fire insurance policy, in case of a total loss by fire of property insured, shall be held and considered to be a liquidated demand against the company for the full amount of such policy. The provisions of this article shall not apply to personal property." Article 4929, Rev. Civ. Stats. of Texas.

not be invalidated by any act of neglect of the mortgagee [mortgagor] or owner of said described property or the happening of any condition beyond his control, and any stipulation in any contract in conflict herewith shall be null and void." Article 4931, Rev. Civ. Stats. of Texas.

evidence on each of these issues would not have supported a different verdict. The rulings on evidence of which appellants complain are none of them prejudicial. Some of these complaints are based on the idea that the plaintiff, by making a settlement agreement with the adjuster, was precluded from proving the value of the property so as to apply the three-fourths clause to it. This agreement was expressly based upon the idea of settlement, and when settlement was refused, it ceased to have force and effect. Under these circumstances, it was competent for plaintiff, in fact, necessary under the three-fourths clause, to prove the value of the property to which it applied. The statement of Benham which the court struck out, that he thought he had written a letter advising Coleman that the company denied liability, was properly stricken. It could not have been material upon any point except upon the question of waiver, and it was of no value there, both because it did not appear when this letter was written, and because the writing of the letter, while retaining the premiums with knowledge of the suits, could not have availed appellants. Besides, the testimony was hearsay of the most objectionable kind in regard to a letter which, if it existed, should have been produced; hearsay testimony given under circumstances which gave the plaintiff and the court the right to believe that the letter would be produced, making it entirely proper to strike the testimony out, if it was not.

The judgment is affirmed.