PENN LIBERTY INSURANCE COMPANY,
Appellant,

v.

V. V. TANNERY, Appellee.

No. 12846.

Court of Civil Appeals of Texas.

Galveston.

May 26, 1955.

Rehearing Denied June 16, 1955.

Chilton Bryan and E. H. Patton, Jr., Houston, for appellant.

Kenneth Bing, Velasco, for appellee.

GRAVES, Justice.

Appellee Tannery sued appellant Penn Liberty Insurance Company for windstorm

damage allegedly done to appellee's dwelling house, as well as his garage apartment, under a fire and extended coverage insurance policy issued to Tannery by the insurance company.

Throughout the record, reference is frequently made to appellee's "one-story, shingled-roof, frame-house," to distinguish it from his garage apartment, which apartment was also located on the same property, and is likewise involved in this litigation.

The appellee alleged that on May 18, 1953, a wind, hail and rainstorm damaged the roof of his garage apartment, as well as his dwelling house, to the extent of $1,140.

After the date of the alleged storm, the appellee filed a purported proof-of-loss.

On the hearing below the trial court overruled appellant's motions for instructed verdict, and submitted the cause to a jury on special issues.

In response thereto the jury found that the roof and the interior of appellee's dwelling house had been damaged as the result of the wind and hail storm; but it further specifically found that there was no damage done by that storm to the roof, or interior, of the appellee's garage apartment. It also found that appellee's dwelling house had had a value of $4,750 before the storm, and $3,750 after the storm.

Based upon these findings, the court entered judgment in favor of the appellee for $1,000, less the $100 deductible, provided for in the policy. From that judgment this appeal proceeds.

The appellant presents here some six points of error, the substantial substance of which, it is thought, may be thus summarized:

(1) There was no competent evidence supporting the jury's verdict as to the value of appellee's dwelling house, either before or after the storm;

(2) The appellee, having completely failed to properly prove his alleged damages, was not, as a matter of law, entitled to any judgment at all;

(3) The court erred in permitting the jury to consider the witness Gay's testimony as to the value of appellee's house after the May 18, 1953, storm, because such testimony unequivocally showed "that it was not evidence of the market value, or actual cash value of plaintiff's property and therefore not a correct measure of damages."

(4) The court erred in submitting Special Issues 13 and 14 to the jury and in entering judgment on its verdict thereto, for this reason: "such issues inquire of the value of plaintiff's dwelling house when there is no evidence in the record of such value, but only evidence of the combined values of the dwelling house and garage apartment."

(5) One witness having testified as to the value of the property before the alleged loss and another as to its value after that loss, the whole testimony was lacking in sufficient certainty to support any judgment for damages;

(6) "The trial court erred in entering judgment for plaintiff based on damages of $1,000.00 to the plaintiff's property, when the evidence shows without dispute that plaintiff had previously submitted a proof of loss, which limited his claim to $543.33."

■■ None of these presentments, it is determined, should be sustained. In the first place the evidence as to the value of the appellee's house was established by expert witnesses duly qualified as such. In the second place the jury were properly permitted to consider the testimony of the witness Gay as to the value of appellee's house after May 18, 1953, because Gay was properly qualified as an expert witness, and as such testified concerning the actual cash value of plaintiff's house after that date.

■ In the third place, the court's Special Issues Nos. 13 and 14, in specific terms which were unmistakable, requested the jury to find what the actual cash value of the one-story, shingled-roof, frame building, located in the Gulf Park Settlement near Freeport, was separately before May 18, 1953, and after May 18, 1953. The jury answered just as specifically that the value

of it before was $4,750 and after was $3,750, constituting the $1,000 loss the cause was founded upon.

Since the contract of insurance itself, as between these litigating parties, covered both the garage apartment and the dwelling house, which were undisputedly located on the same lot adjacent to each other, no reason occurs as to why the jury could not properly have found the value of each building so located since such value was properly basable upon the testimony referred to.

Wherefore, there was no such error in the court's action in these respects as the appellant contends for.

 As already indicated, the appellee's damages were approved by properly qualified witnesses, who testified from their own knowledge as to the actual cash values before and after the occurrence and it is settled by our authorities that they had a right to so testify without their having been shown to be experts as to the values of such real estate.

Indeed, the appellee was qualified to testify as to the value of the property to himself. Texas Pacific Coal & Oil Company v. Taylor, Tex.Civ.App., 47 S.W.2d 1110; Glens Falls Insurance Co. v. Bendy, Tex.Civ.App., 39 S.W.2d 628, Id., Tex.Com. App., 58 S.W.2d 1; George West Independent School District v. Bartlett, Tex.Civ. App., 211 S.W.2d 1010.

Finally, it is obvious that it is appellant's position on this appeal, that the appellee was limited in the amount of his recovery under the circumstances of this case to the figure he had specified in his evidence upon the trial as the amount he had given to the appellant as the proof of his loss; but the evidence otherwise shows that the amount appellee had specified below as proof of loss had been a compromise arrangement between himself and the appellee's agent and that it had in no way constituted a proper measure of his actual damages.

Whatever may have so passed between the parties as to the proof of loss below is not controlling upon this appeal because the undisputed proof showed that the insurance company—appellant here—disregarded all of the appellee's contentions for liability before and filed denials of all liability on its part after it had so received the appellee's proof of loss below.

In other words, our courts have held that in such circumstances where an insurance company has denied all liability and fought the cause out in the trial court upon a contrary contention, it could not be heard to say that the appellee's recovery was confined to such proof of his loss. Benefit Association of Railway Employees v. O'Gorman, Tex.Civ.App., 195 S.W.2d 215, writ refused, n. r. e.

The conclusions stated require an affirmance of the judgment. It will be so ordered.

Affirmed.